1 DANIEL G. BOGDEN
2 United States Attorney
3 ELIZABETH O. WHITE
4 Appellate Chief and
5 Assistant United States Attorney
6 100 West Liberty, Suite 600
7 Reno, Nevada 89501
8 775-784-5438
9
10                  **UNITED STATES DISTRICT COURT**
11                        **DISTRICT OF NEVADA**
12                                -oOo-
13
14   UNITED STATES OF AMERICA,        )
15                                    )
16        Plaintiff,                  )
17                                    )
18        v.                          )        2:05-cr-050-RCJ-PAL
19                                    )
20   PRUDENCIO URIARTE-ACOSTA,        )
21                                    )
22        Defendant.                  )
23   _____ )
24

25        **JOIN STIPULATION FOR A SENTENCE REDUCTION**
26            **PURSUANT TO 18 U.S.C. § 3582(c)(2)**
27
28        The United States of America, by Assistant United States Attorney

29   Elizabeth O. White, and Defendant Prudencio Uriarte-Acosta, by Assistant

30   Federal Public Defender Nisha Brooks-Whittington, submit the following

31   Joint Stipulation for Discretionary Relief pursuant to 18 U.S.C.

32   § 3582(c)(2).

1    The parties agree and stipulate to the following:

2    **A.    <u>Material Facts in Support of Joint Stipulation</u>**

3    Defendant was previously convicted and sentenced for offenses

4    involving controlled substances.

5    On February 25, 2008, this Court sentenced Defendant to 216

6    months' imprisonment for conspiracy to distribute a controlled substance

7    in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and possession of a

8    controlled substance with intent to distribute in violation of 21 U.S.C.

9    §§ 841(a)(1) and (b)(1)(A)(viii). This Court previously found: (a) that

10   Defendant's total offense level was 36; (2) that Defendant's criminal history

11   category was I; and (c) that the guidelines sentencing range was 188-235

12   months' imprisonment. This Court imposed a sentence in the high-middle

13   of the guidelines range.

14   Following imposition of sentence, the U.S. Sentencing Commission

15   promulgated Amendment 782, which took effect on November 1, 2014.

16   Amendment 782 (a) reduces the guidelines offense levels across all drug

17   types, and (b) with certain limitations, applies retroactively to defendants

18   sentenced prior to November 1, 2014.

1    Defendant seeks a discretionary reduction in sentence pursuant to

2 Amendment 782, and in accordance with 18 U.S.C. § 3582(c)(2) which

3 (among other things) provides that, in certain circumstances, a sentencing

4 court "may reduce the term of imprisonment." Pursuant to Amendment

5 788, sentencing reductions under Amendment 782 may not result in a

6 defendant's release from BOP custody prior to November 1, 2015.

7 **B.      Terms of Sentence Reduction Under 18 U.S.C. § 3582(c)(2)**

8    Defendant is eligible for a discretionary reduction to the guideline

9 imprisonment range, and the parties agree that a reduction is appropriate.

10 Pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782: (a)

11 Defendant's revised total offense level is 34; (b) Defendant's criminal

12 history category remains I; and (c), the revised advisory guidelines

13 sentence is 151-188 months' imprisonment. Based on the foregoing, the

14 parties jointly recommend that Defendant's sentence be reduced to 173

15 months' imprisonment, a sentence in the high middle of the revised

16 guidelines range. The parties understand and stipulate that, if this

17 reduced sentence would result in a release date prior to November 1, 2015,

18 then the defendant will be ordered released on November 1, 2015.

19

1    **C.    <u>Waivers; Review and Consent of Defendant</u>**

2         Defendant knowingly and voluntarily waives any right to appeal any

3    aspect of the revised sentence, *except that*, if the revised sentence exceeds

4    the recommended term of 173 months, or November 1, 2015, whichever is

5    later, Defendant may appeal that aspect of the revised sentence. *See*

6    Declaration, attached as Exhibit 1.

7         Defendant (a) waives any right he may have to a hearing on his

8    motion under 18 U.S.C. § 3582(c)(2); (b) waives any right he may have to

9    attend such a hearing; (c) has reviewed this stipulation with defense

10   counsel; and (d) agrees with and consents to this stipulation. *See*

11   Declaration, attached as Exhibit 1.

12   **D.    <u>Acknowledgment of Reserved Rights</u>**

13        Notwithstanding this Joint Stipulation, the United States expressly

14   preserves and does not waive its contentions that a defendant seeking

15   relief under 18 U.S.C. § 3582(c)(2) has no constitutional or statutory right

16   to counsel, to a hearing on the motion, or to be present at any hearing on

17   the motion.

18

4

1    **E.**      <u>**Conclusion**</u>

2              Based on the above, the parties respectfully request that the Court

3    enter an order granting Defendant a sentence reduction pursuant to 18

4    U.S.C. § 3582(c)(2), and reducing his sentence to 173 months'

5    imprisonment; with all other provisions of the judgment dated March 18,

6    2008, to remain in effect; and with an "effective date" of November 1, 2015.[1]

7              Respectfully submitted this <u>13th</u> day of October, 2015.

8
9    RENE L. VALLADARES                    DANIEL G. BOGDEN
10   Federal Public Defender               United States Attorney
11
12   By:  <u>*s/ Nisha Brooks-Whittington*</u>    By:  <u>*s/ Elizabeth O. White*</u>
13        Nisha Brooks-Whittington              Elizabeth O. White
14        Asst. Federal Public Defender         Appellate Chief and
15        *Counsel for Defendant*               Assistant United States Attorney
16        *Prudencio Uriarte-Acosta*


IT IS SO ORDERED this 9th day of November, 2015.

_____
ROBERT C. JONES

---

[1] The parties make this joint recommendation after having reviewed the Defendant's progress reports from the Bureau of Prisons, along with other relevant records. If the Court is inclined to deny the jointly recommended sentence reduction, the parties respectfully requests an opportunity to provide those records for the Court's review, and make additional argument in support of the joint stipulation.

Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-cr-050-RCJ-PAL |
| | ) | |
| PRUDENCIO URIARTE-ACOSTA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DECLARATION IN SUPPORT OF
### JOINT STIPULATION UNDER 18 U.S.C. § 3582(c)(2)

1.    I, Prudencio Uriarte-Acosta, am the Defendant in the above-captioned case and the movant seeking relief in a pending motion under 18 U.S.C. § 3582(c)(2).

2.    I have read and discussed with my attorney, Nisha Brooks-Whittington, the "Joint Stipulation for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" (the "Joint Stipulation") to be filed in this case.

3.    I agree with and consent to the Joint Stipulation.

4.    My attorney has explained my appellate rights to me. I hereby knowingly and voluntarily waive the right to appeal any aspect of the revised sentence imposed by the Court under the terms of the Joint Stipulation, *except that*, if the revised sentence exceeds the recommended term of 173 months' imprisonment, or November 1, 2015, whichever is later, I may appeal that aspect of the revised sentence.

5.    I hereby waive any right I may have to a hearing on my pending motion for discretionary relief under 18 U.S.C. § 3582(c)(2), or to attend such a hearing.

DATED this 25 day of Sept , 2015

UA P

*Prudencio Uriarte Acosta*

Prudencio Uriarte-Acosta